UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kevin and Robbie Pollard,<br><br>    Plaintiffs,<br>v.<br><br>Balanced Healthcare Receivables, LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Kevin and Robbie Pollard, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Kevin Pollard (hereafter "Kevin"), and Robbie Pollard (hereafter "Robbie," and together with Kevin, the "Pollards" and/or "Plaintiffs"), are adult individuals

residing in Chelmsford, Massachusetts, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Balanced Healthcare Receivables, LLC ("BHR"), is a New Hampshire business entity with an address of 141 Burke Street, Nashua, New Hampshire 03060, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by BHR and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. BHR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Kevin allegedly incurred a financial obligation in the approximate amount of $300.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to BHR for collection, or BHR was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. BHR Engages in Harassment and Abusive Tactics

12.     In the beginning of August 2012, BHR placed an automated call to Plaintiffs' residential telephone line and left a voice message instructing Plaintiffs to call the caller back at xxx-xxx-2471.

13.     Upon having returned BHR's call Robbie learned the call concerned Kevin. BHR's representative refused to discuss the matter with Robbie and requested that Robbie have Kevin return BHR's call.

14.     Further, BHR's representative falsely stated that BHR had spoken with Robbie in the past and had asked Robbie to have Kevin return BHR's calls.

15.     BHR's representative accused Robbie of having failed to do so.

16.     Thereafter, Kevin contacted BHR and was told that BHR was attempting to collect the Debt and that the amount of the Debt was $1000.00.

17.     Kevin verbally disputed the ownership of the Debt and stated that his medical insurance company should have paid the Debt.

18.     Around ten days thereafter, BHR sent Kevin a 30-Day Validation letter stating that the amount was approximately $300.00.

19.     Plaintiffs made notes on the letter stating that Kevin disputed the Debt and instructing BHR to cease calls to Plaintiffs. Plaintiffs mailed the letter to BHR.

20.     Despite Plaintiffs' request to cease calls, on September 5, 2012, BHR placed another automated call to Plaintiffs.

**C. Plaintiffs Suffered Actual Damages**

21. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

23. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiffs after having received written notification from the Plaintiffs to cease communication.

25. The Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiffs are entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 26, 2012

                            Respectfully submitted,

                            By  */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs